974 So.2d 1170 (2008)
GRANDVIEW PALACE CONDOMINIUM ASSOCIATION, INC., Petitioner,
v.
CITY OF NORTH BAY VILLAGE, et al., Respondents.
Nos. 3D07-1844, 3D07-1980.
District Court of Appeal of Florida, Third District.
February 20, 2008.
Hyman, Spector & Mars and Michael L. Hyman, Miami; Daniels, Kashtan, Downs, Robertson & Magathan and Joseph W. Downs, III and Madelyn Simon Lozano, Coral Gables, for petitioner.
Buchbinder & Elegant and Ira M. Elegant, Miami, for respondents.
Before GERSTEN, C.J., LAGOA, J., and SCHWARTZ, Senior Judge.
PER CURIAM.
Grandview Palace Condominium Association ("the Association") petitions this Court for a writ of prohibition and/or certiorari relief against the City of North Bay Village ("the City") and its chief building inspector, Paul A. Gioia ("Gioia"). We grant the writ of prohibition.
The Association is the developer-controlled association for Grandview Palace Condominium ("the Condominium"). During the Association's control, the City cited the Condominium with multiple code violations. Additionally, the Condominium suffered subsequent hurricane damage. When the Association failed to make the requisite repairs, the City seized the building.
In response, the Association sued the City and Gioia for injunctive relief and damages, alleging tortious interference with contractual obligations and an abuse *1171 of authority. Soon thereafter, the parties entered into a court-approved settlement agreement. Under this agreement, the Association was to contract with a licensed general contractor or project manager to oversee the repairs.
Judge Ronald M. Friedman appointed Kenneth Marlin ("Marlin") as a special master to oversee the repairs. Thereafter, since problems persisted under Marlin's oversight, Judge Friedman further expanded Marlin's duties. He authorized Marlin to hire and approve payment for contractors and other experts to effectuate repairs.
The Association then moved to disqualify Judge Friedman. The Association alleged it had a well-founded fear that it would not receive a fair trial because Judge Friedman's rulings demonstrated a prejudice in favor of the City and Gioia and against the developer-controlled Association. The trial court denied the motion, and the Association seeks a writ of prohibition against Judge Friedman.
In support of its petition for writ of prohibition, the Association asserts that Judge Friedman's appointment of Marlin, without proper notice or legal foundation, demonstrates prejudicial bias. Additionally, the Association asserts that Judge Friedman's bias became evident at the hearing where Judge Friedman expanded Marlin's duties. The Association posits that Judge Friedman: (1) announced in open court that he did not trust representatives of the developer; (2) threatened to jail anyone who opposed Marlin's actions; and (3) stated that he had no concern for the financial consequences of his rulings.
The City and Gioia contend that the motion to disqualify Judge Friedman was properly denied. First, they contend that the motion was time-barred because it was based on grounds known in October 2006. Thus, the motion to disqualify filed in July 2007, was filed well-beyond the ten-day period in Florida Rule of Judicial Administration 2.330(3). This argument, however, fails to account for Judge Friedman's subsequent expansion of Marlin's duties.
Second, the City and Gioia reject the Association's claim that a reasonably prudent person would fear not receiving a fair and impartial trial. They contend that Judge Friedman's statements at the hearing only indicated his frustration with the Association's blatant disregard of prior orders, not that the trial judge was biased.
This Court does not have to decide whether the Association has conclusively demonstrated that Judge Friedman is prejudiced against it. A party who fears not receiving a fair trial because of a particular judge's prejudice is entitled to request that the judge disqualify himself or herself. See § 38.10, Fla. Stat. (2006); Fla. R. Jud. Adm. 2.330.
When confronted with a motion for disqualification, a judge may only determine the motion's legal sufficiency. The judge may not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge must immediately enter an order granting disqualification and proceed no further in the action. Fla. R. Jud. Adm. 2.330(f).
Here, the Association alleged sufficient facts to support its belief that the judge was prejudiced against the developer-controlled association. Regardless of whether the allegations were true, they constituted a legally sufficient ground for disqualification. Therefore, Judge Friedman should have granted the motion and ordered the case administratively transferred.
Accordingly, we grant the writ of prohibition, and remand for further appropriate proceedings. Because a successor judge may reconsider any orders entered by his *1172 predecessor, we do not consider the Association's petition for alternative certiorari relief with regard to the order expanding Marlin's duties. See Fla. R. Jud. Adm. 2.330(h).
Petition for writ of prohibition granted.